## AS TO LIABILITY FOR THE DEATH OF AN ONLOOKER.

Court of Appeals for Stark County.

RENA PETERS, ADMINISTRATRIX OF THE ESTATE OF CHARLES D. PETERS, DECEASED, v. WESTON C. HOWENSTEIN ET AL.*

Decided, January Term, 1916.

*Negligence—Boiler of Traction Engine Bursts—And a Bystander Watching its Operation, is Killed—No Liability on the Part of Those Operating. the Engine.*

Recovery of damages can not be had for the death of one who was killed by the bursting of the boiler of a traction engine, which was being operated on a public road, where the decedent was not an employee of those owning and operating the engine, and was not present by invitation, but was a mere onlooker idly watching the operation of the engine.

*J. H. Robertson* and *Thomas F. Turner*, for plaintiff in error. *Welty & Burt* and *Taylor & Stewart*, contra.

HOUCK, J.

This cause is here on error from the common pleas court of this county. The parties stand in the same relative positions as in the court below. The plaintiff brought suit in the common pleas court to recover of the defendants damages for the alleged wrongful death of the husband of plaintiff, Charles D. Peters, who was killed by the explosion of the boiler of a traction engine owned by the defendants, while the same was being used in hauling a steam shovel owned by one George Gareaux, on the 5th day of February, 1914.

Plaintiff avers in her petition that said boiler, engine, and the various fixtures and attachments thereto were old, having on said 5th day of February, 1914, been in use about fifteen years, and thereby had become greatly out of proper condition

*Motion to require Court of Appeals to certify its record overruled and motion to dismiss granted by the Supreme Court May 29, 1916.

and repair for proper safety in the use of the same, in this, to-wit: the safety valve on said boiler did not work properly, would clog and not permit the same to blow off from said boiler when the pressure became great; that the water-gauge cocks to said boiler were fast and would not turn; that said boiler was old, much corroded and worn, thin and leaky, thereby rendering the same weak, unfit, unsafe and insecure, all of which defective, unsafe and insecure conditions of said boiler and attachments, as well as the age and long continued use of said boiler and its attachments, were on said 5th day of February, 1914, and for a long period of time prior thereto, well known to said defendants, and to each of them, or that said defendants, in the exercise of reasonable care, could and should have known of the same, and that by reason of the premises the said defendants were guilty of negligence, which caused the injuries resulting in the death of plaintiff's decedent, and that the same was caused without any fault or negligence on the part of said decedent, and plaintiff prays for judgment against the defendants in the sum of ten thousand dollars.

The defendants filed an answer in the nature of a general denial.

The cause was tried in the common pleas court, and at the conclusion of all the evidence, and after both plaintiff and defendants had rested their case, the defendants moved the court to direct the jury to render a verdict in favor of the defendants. The motion was sustained by the court, and the jury returned a verdict for the defendants. To the sustaining of this motion by the court, and in the court's instructing the jury to return a verdict for the defendants, error is prosecuted to this court seeking a reversal of the judgment below.

The undisputed and conceded facts in this case, as disclosed by the bill of exceptions, are as follows: The defendants owned the traction engine and boiler in question, and were invited, through Mr. Howenstein, one of the defendants, to assist one George Gareaux in moving a steam shovel upon the public highway between North Industry and East Sparta, said Gareaux at that time having the contract for the grading, paving and im-

proving of the highway, and defendants living in the vicinity where the work was being done, took the engine to the place where the steam shovel was located, the same being immediately in front of the Steinmetz farm, about three-quarters of a mile south of Howenstein Station, there being at that place in the road a highway leading to the east, and beginning on the east side of the road, known as the Steinmetz lane. Steinmetz's fields were inclosed by fences, and plaintiff's decedent was not engaged in any part of the work with Gareaux or the defendants, or either of them, and was not invited to the place in question, but out of mere idle curiosity had walked from Howenstein Station southward in the field of Steinmetz, and together with another person stood in the field back from the road some little distance from the engine and boiler in question watching the engine move the shovel, and while the engine was so engaged the boiler exploded, and plaintiff's decedent was struck by a broken part of the same, and as a result of said injuries departed this life the following day.

The defendants disclaim any liability, and maintain that they were not negligent in the operation of their engine or the boiler belonging to same, and that plaintiff's decedent was a trespasser, or a mere onlooker, and thereby assumed the risk he took by standing and remaining in the position where he was at the time of the accident, and that by reason of the premises the defendants, as claimed by them, owed no duty to the plaintiffs decedent save and except not to maliciously, intentionally or wantonly injure him.

We are free to say that the real question presented by the facts as disclosed in this case has never been passed upon by any court, so far as we know; and we have been unable to find any reported case, in this or any other state, covering the exact facts as shown by the record in the instant case.

What duty, if any, did the defendants owe to the plaintiff's decedent? The decedent was not in the employ of, nor had he been invited or requested to be present and occupy the place and position he did when the unfortunate accident occurred. He was simply an onlooker, an uninvited guest, and notwithstanding

the fact that the defendants might have been negligent in operating the engine and boiler in question, yet under these circumstances were the defendants liable in law to the plaintiff? In other words, what duty did the defendants owe to plaintiff's decedent, taking into consideration all the circumstances and facts of the case?

It will be conceded that the operation of a traction engine on the public highway is not unlawful, nor is it a nuisance in itself. If it becomes a nuisance, it is by reason of the fact of the way and manner it is operated, and not because it is a traction engine. The decedent not being an employee of the defendants, and not being present by invitation, and not about any business which would require him or his presence at the place where the injury occurred, but, upon the other hand, being there for the sole and only purpose, so far as the facts disclose, of satisfying an idle curiosity as to the operation of the engine and the steam shovel, can it be properly claimed that the defendants owed to him any legal or lawful obligation save and except that they would not wantonly, intentionally or maliciously injure him?

Under these facts and circumstances we think the only duty which the defendants owed to plaintiff's decedent was the duty of not wantonly or intentionally injuring him, and there is no evidence submitted that would in any way tend to prove that the defendants wantonly or in any way intended to injure the decedent.

Taking this view of the law applicable to the facts in the present case, we think the trial judge committed no error in sustaining the motion to direct the jury to return a verdict for the defendants. Finding no error in the record, the judgment below should be affirmed.

Judgment affirmed.

SHIELDS, J., and POWELL, J., concur.